Filed 6/4/26  P. v. Gomez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085752 |
| v. | (Super.Ct.No. SWF1600506) |
| ANDY MARAS GOMEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed in part; reversed in part with directions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting and Eric Tran, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Andy Gomez appeals from an order resentencing him under Penal Code section 1172.75.[1] He argues that the court erred by (1) failing to strike his gang enhancement under the amendments made to section 186.22 by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) and (2) reimposing the upper term on the principal count based on aggravating factors that had neither been admitted by him nor found true beyond a reasonable doubt. We agree with the first contention but not the second. We therefore vacate the admitted gang enhancement but otherwise affirm. On remand, the prosecution shall have the opportunity to establish the enhancement under current law either by plea or by trial, if they so desire.

## BACKGROUND

In April 2016, after Gomez and two other inmates attacked another inmate in jail, the People charged Gomez with assault by means of force likely to produce great bodily injury (§ 245(a)(4); count 1), false imprisonment by force (§ 236; count 2), and active participation in a criminal street gang (§ 186.22, subd. (a); count 3). As to counts 1 and 2, the People alleged that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The People also alleged that Gomez served two prior prison terms (§ 667.5, subd. (b)) and suffered a prior strike conviction (§§ 667, subd. (c), 1170.12, subd. (c)).

---

[1] Unlabeled statutory citations refer to the Penal Code.

2

In October 2016, pursuant to a negotiated disposition, Gomez waived his right to a preliminary hearing, pled guilty to the felony assault and false imprisonment charges (counts 1 and 2), and admitted the gang enhancement attached to the felony assault charge. Gomez also admitted that he served two prior prison terms and had a prior strike conviction. In exchange, the prosecution dismissed the gang participation charge (count 3) and the gang enhancement to the false imprisonment charge. The trial court sentenced Gomez to the stipulated term of 15 years four months in prison, which included the upper term of four years for the felony assault, doubled to eight years under the three strikes law, plus four years for the gang enhancement and two years for the three prior prison term enhancements.

In 2022, Gomez became eligible for resentencing pursuant to section 1172.75. At a resentencing hearing in August 2023, the trial court struck the two now-invalid prior prison term enhancements and found good cause to grant Gomez's unopposed request for a continuance under section 1050. Gomez's continued resentencing hearing took place in January 2025. As relevant here, Gomez asked the trial court to reduce his sentence on the felony assault to the middle or low term and strike the gang enhancement because the amendments to section 186.22 made by Assembly Bill 333 applied retroactively to his case.

After acknowledging that it had already struck the two one-year prior prison term enhancements, the court imposed the remainder of Gomez's sentence as it had originally been imposed—including the upper term for the felony assault and the four-year term for the gang enhancement—resulting in a sentence of 13 years four months in prison. When

reimposing the gang enhancement, the court stated that it would "once again, impose the four-year term" because it did "not have discretion to relitigate the facts underlying the gang enhancement." The court reimposed the upper term for the felony assault based on several aggravating circumstances. (See Cal. Rules of Ct., rule 4.421 ("Rule 4.421").) Regarding the felony assault, the court found that the attack was "vicious" and the victim was "vulnerable." (Rule 4.421(a)(1), (3).) Regarding Gomez, the court found that he had an extensive criminal record, violated parole multiple times, was convicted for an offense in another county after his incarceration for the current offenses, and declined to be interviewed by probation and failed to show remorse for the current offenses. (Rule 4.421(b)(2), (b)(4), (c).)

Gomez filed a timely notice of appeal.

### DISCUSSION

Section 1172.75 rendered legally invalid any prior prison term enhancement imposed before January 1, 2020 (unless the enhancement was imposed for a prior sexually violent conviction), and it created a resentencing procedure for defendants who are currently serving sentences that include such an enhancement. (§ 1172.75, subds. (a)–(c).) Section 1172.75, subdivision (c), requires a court to strike any now-invalid prior prison term enhancement and recall the defendant's sentence. Section 1172.75, subdivision (d), provides instructions for resentencing. Among other things, the provision requires the court to resentence the defendant under current law, including any "changes in law that reduce sentences." (§ 1172.75, subd. (d)(2).)

4

On appeal, Gomez argues that the trial court failed to properly apply two such changes when resentencing him. First, he argues that the current version of section 186.22 required the court to strike the gang enhancement for insufficient evidence. Second, he contends that the current version of section 1170 prohibited the court from imposing an upper term sentence without stipulated or jury findings on aggravating factors.

A. *Standard of Review*

We review a trial court's sentencing decisions for abuse of discretion. (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) A court abuses its discretion when it acts arbitrarily and capriciously, relies on improper matters, or is unaware of the scope of its discretion such that it does not exercise its discretion at all. (*Id.* at p. 765.) We independently review questions of statutory interpretation implicated by the trial court's decisions. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366 (*Mathis*).)

B. *Gang Enhancement*

Enacted in 1988, the California Street Terrorism Enforcement and Prevention Act ((STEP Act); § 186.20 et seq.) created a sentencing enhancement for a felony committed " 'for the benefit of, at the direction of, or in association with any criminal street gang.' " (*People v. Valencia* (2021) 11 Cal.5th 818, 828–829, quoting former § 186.22, subd. (b)(1).) Effective January 1, 2022, Assembly Bill 333 made several changes to the law governing the gang enhancement. (Stats. 2021, ch. 699, § 3.)

First, Assembly Bill 333 narrowed the definition of a " 'criminal street gang' " to require that any gang be an "ongoing, organized association or group of three or more

5

persons." (§ 186.22, subd. (f).) Second, it changed the requirement that a gang's members "individually or collectively engage in" a pattern of criminal activity to now require that any such pattern be "collectively engage[d] in" by members of the gang. (§ 186.22, subd. (f).) Third, it narrowed the definition of a " 'pattern of criminal gang activity' " by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date of the currently charged offense; (2) the pattern offenses were committed by two or more gang "members," as opposed to just "persons"; (3) the pattern offenses commonly benefitted a criminal street gang; and (4) none of the pattern offenses is the same as the currently charged offense. (§ 186.22, subds. (e)(1), (2).) Finally, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any "common benefit" be "more than reputational." (§ 186.22, subd. (g).) Examples of "a common benefit that are more than reputational," under the amended provision, "include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant." (*Ibid.*)

The parties correctly agree that Assembly Bill 333's amendments to section 186.22 apply retroactively to Gomez's case because they are ameliorative changes and Gomez's case became nonfinal when the court vacated and recalled his sentence under section 1172.75. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207; *People v. Padilla* (2022) 13 Cal.5th 152, 163; *People v. Lopez* (2025) 17 Cal.5th 388, 396–400.) The parties' dispute concerns the proper remedy for the court's failure to apply the new law at Gomez's resentencing. Gomez argues that the enhancement must be vacated

6

because his plea admissions were legally insufficient to support the enhancement under current law. He argues that the proper remedy is vacatur and remand to the trial court to give the People an opportunity to try the enhancement under the amended version of section 186.22. The People argue that it would be improper for us to vacate the enhancement on appeal because "[t]he limited record in this case does not allow for a determination concerning whether the gang enhancement remains legally sufficient in light of AB 333's amendments, and any such attempt would be highly speculative." According to the People, we should remand the matter to the trial court to determine whether to strike the enhancement. We agree with Gomez.

In 2016, when Gomez admitted that he committed the felony assault "for the benefit of, or at the direction of, or in association with a criminal street gang with the specific intent to promote, further and assist in any criminal conduct by gang members," the elements of the gang enhancement were different from what the statute requires now. Because of those differences, Gomez's admission did not establish that his gang satisfies the current definition of a "criminal street gang" (§ 186.22, subd. (d)); that his gang engaged in a " 'pattern of criminal gang activity' " (§ 186.22, subd. (e)(1), (2)), or whether his actions during the felony assault were for the "common benefit" of his gang (§ 186.22, subd. (g)). As a result, the admission is legally insufficient to support the enhancement under current law.

Citing *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), the People argue that if we conclude that Gomez's admission was legally insufficient, then they should be permitted to withdraw from the plea agreement on remand. But *Stamps* does not support

withdrawal. In that case, our Supreme Court held that a trial court may not modify a plea agreement because " '[a] plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' " (*Id.* at p. 701; § 1192.5, subd. (b).) But, as our Supreme Court explained in *Doe v. Harris* (2013) 57 Cal.4th 64 (*Doe*), "the terms of the plea agreement can be affected by changes in the law" (*id.* at pp. 73-74). "By implementing such changes, the trial court is not altering the terms of the plea bargain." (*People v. Harrell* (2023) 95 Cal.App.5th 161, 168.) Thus, under *Doe*, Gomez's plea agreement is deemed to incorporate the Legislature's subsequent enactment of Assembly Bill 333. Consequently, requiring the "parties' compliance with changes [to section 186.22] made retroactive to [Gomez] does not violate the terms of the plea agreement." (*Doe*, at p. 73.)

"We therefore conclude that the gang-related enhancement findings must be vacated and the matter remanded to give the People the opportunity to prove the applicability of the enhancements under the amendments to section 186.22." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 346.)

C. *Upper Term*

Gomez contends that the trial court violated section 1170, subdivision (b)(2), and the Fifth, Sixth, and Fourteenth Amendments by reimposing the upper four-year term for his felony assault conviction based on aggravating factors that were neither pleaded nor proven beyond a reasonable doubt. The People respond that Gomez's challenge is moot because of the remand for further proceedings on the gang enhancement and that, in any event, the court's reimposition of the upper term was proper. Gomez contends his

8

challenge is not moot because this issue will arise on remand. We need not decide whether the issue is moot because, even if it were, we would exercise our discretion to address its merits in the interest of clarity and to prevent future disputes. (*Vernon v. State of California* (2004) 116 Cal.App.4th 114, 121.) On the merits, we agree with the People that reimposition of the upper term was proper.

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), to make the middle term the presumptive determinate sentence. (*People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).) Section 1170, subdivision (b)(2), permits imposing the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

As noted, section 1172.75, subdivision (d)(2), requires the trial court to apply any "changes in law that reduce sentences" during a resentencing proceeding under its provisions. However, section 1172.75, subdivision (d)(4), states: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.)

Our appellate courts have addressed the meaning of that italicized first clause and the interplay between section 1170, subdivision (b)(2), and section 1172.75, subdivisions

9

(d)(2) and (d)(4). With the exception of *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), all of the published appellate decisions have interpreted the italicized first clause of section 1172.75, subdivision (d)(4), as providing an exception to the second clause's fact-finding requirement for defendants who were originally sentenced to the upper term. (See, e.g., *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466-467 (*Brannon-Thompson*); *Mathis*, *supra*, 111 Cal.App.5th at pp. 371-374.) According to the court in *Brannon-Thompson*, the provision unambiguously states that section 1170, subdivision (b)(2)'s fact-finding requirement applies only if the resentencing court is imposing the upper term for the first time. (*Brannon-Thompson*, at pp. 466–467.) *Brannon-Thompson* concluded that section 1172.75, subdivision (d)(4), permits the resentencing court to *reimpose* an upper term sentence even if a factfinder never found an aggravating factor beyond a reasonable doubt. (*Brannon-Thompson*, at p. 458.)

Gonzalez*, *supra*, 107 Cal.App.5th 312, acknowledged the reasonableness of *Brannon-Thompson*'s interpretation but concluded that the first clause "simply restrict[s] the scope of defendants eligible to receive the upper term at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Gonzalez,* at p. 329, italics omitted.) *Gonzalez* based its interpretation on its concern that allowing reimposition of upper terms without meeting section 1170, subdivision (b)'s new fact-finding requirement could violate the Sixth Amendment protections set out in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*). (*Gonzalez*, at pp. 329–330.)

10

In *Mathis*, the court agreed with *Brannon-Thompson's* statutory interpretation and concluded that *Gonzalez's* constitutional concern was misplaced. (*Mathis*, *supra*, 111 Cal.App.5th at pp. 373–374.) *Mathis* explained that, in 2007, the Legislature amended section 1170, subdivision (b) to conform with *Apprendi* by granting trial courts " 'broad discretion' " to choose between the lower, middle, and upper terms. (*Id.* at p. 371, citing § 1170, former subd. (b), enacted by Sen. Bill No. 40 (2007-2008 Reg. Sess.); Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007.) That sentencing scheme, which was in effect when the defendant in *Mathis* was originally sentenced—and when Gomez was originally sentenced—was one that " ' "everyone agrees" ' " raised no Sixth Amendment concerns. (*Lynch*, *supra*, 16 Cal.5th at p. 747.) Thus, where, as here, the defendant's original upper-term sentence was imposed after that amendment, the sentence already complied with *Apprendi* and the reimposition of that term at a section 1172.75 resentencing does not generate new constitutional concerns. Observing that "the Legislature is . . . free to 'write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all,' " *Mathis* concluded that the Legislature intended section 1172.75, subdivision (d)(4), to provide a limited form of retroactivity for defendants with already-imposed, proper upper-term sentences. (*Mathis*, at p. 374, citing *People v. Padilla* (2022) 13 Cal.5th 152, 162-163.)

Gomez urges us to follow *Gonzales* and conclude that the trial court erred by reimposing the upper term at his resentencing, and the People contend that *Brannon-Thompson* and *Mathis* were correctly decided. The Supreme Court has granted review to resolve this split in authority. (See *People v. Eaton* (March 14, 2025, C096853) [nonpub.

11

opn.], review granted May 14, 2025, S289903.) Until then, we find the reasoning in *Brannon-Thompson* and *Mathis* more persuasive and decline Gomez's request to follow *Gonzalez*. We therefore reject his challenge to the court's reimposition of the upper term on the felony assault count.[2]

## DISPOSITION

Gomez's admission that he committed count 1 for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and the associated sentence are vacated. On remand, the People may seek to prove the gang enhancement under current law either by trial or by plea. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                    J.

We concur:

McKINSTER
           Acting P. J.


MENETREZ
                    J.

---

[2] Like Gomez's Sixth Amendment challenge, his challenges under the Fifth and Fourteenth Amendments depend on a conclusion that *Brannon-Thompson's* interpretation of section 1172.75, subdivision (d)(4), violates *Apprendi*. Because we agree with *Brannon-Thompson's* interpretation and discern no *Apprendi* issues with the reimposition of the upper term sentence, we reject those additional constitutional claims.

12